IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AKINDAYO O. I., ) | |
| ) | No. 20 C 7777 |
| Plaintiff, ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Kindayo O. I. appeals the Acting Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court affirms the Acting Commissioner's decision.

### Background

On December 8, 2017, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 15-29, 96, 108.) The Appeals Council denied review (R. 1-3), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous,

it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform hid past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Acting Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2); 416.960(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of June 30, 2016. (R. 18.) At step two, the ALJ determined that plaintiff has the severe impairments of degenerative disc disease of the cervical spine with radiculopathy, along with bursitis and glenoid labrum lesion of the right shoulder. (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments

that meet or medically equal the severity of one of the listed impairments. (*Id.* at 19.) At step four, the ALJ found that plaintiff cannot perform any past relevant work, but he has the RFC to perform light work with certain exceptions. (R. 20-26.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus he is not disabled. (R. 26-28.)

Plaintiff contends that the ALJ should not have rejected his post-hearing objections to the vocational expert's ("VE's") testimony.[1] The VE testified that someone with plaintiff's RFC could work as a furniture rental consultant, an usher, and a photo finishing counter clerk. (R. 75-76.) The VE said her testimony about available jobs was based on a publication by the U.S. Labor Department's Bureau of Labor Statistics ("BLS"), which sets forth job totals by standard occupational classification ("SOC"). (R. 79.) Because each SOC can encompass several job codes from the Dictionary of Occupational Titles ("DOT"), the VE said she takes the total number of DOT job codes within an SOC and estimates from that the number of jobs in a particular job code that is appropriate for a hypothetical claimant. (*Id.*) The VE said her estimate was not derived from a specific mathematical formula but was based on her years of experience conducting labor surveys and the knowledge she has gained from participating in thousands of Social Security hearings, and it was consistent with the DOT.[2] (R. 77, 79-80.)

---

[1] Because the ALJ discussed these objections at some length (*see* R. 27-28), this is how the Court construes the argument plaintiff entitled, "The ALJ did not address Mr. Ilesanmi's post-hearing objections." (*See* ECF 14 at 3.)

[2] Plaintiff contends that the VE's testimony is not, in fact, consistent with the DOT because the DOT says the usher job includes "[a]sisst[ing] other workers to change advertising display[s]," which plaintiff says would require overhead reaching in violation of his RFC. (ECF 14 at 13; *see* R. 20 (RFC).) However, the DOT does not say that changing advertising displays necessarily requires overhead reaching, and the VE testified that the DOT does not include the direction of reach in describing the physical demands of jobs. (R. 75, 77); *see* Appendix C: Components of the Definition Trailer - DOT Dictionary of Occupational Titles (occupationalinfo.org) (last visited Aug. 18, 2022). Thus, there is no conflict between the VE's testimony and the DOT. *See Zblewski v. Astrue*, 302 F. App'x 488, 494 (7th Cir. 2008) (stating that the ALJ has a duty to obtain an explanation for any apparent conflict between the DOT and a VE's testimony, but that duty does not arise if the DOT does not address the subject of the VE's testimony.).

Plaintiff contends that the VE's inability to "explain or name her methodology" makes her testimony unreliable, and the ALJ's reliance on it improper. (ECF 14 at 9; *see* R. 28 (ALJ stating that the VE had an adequate foundation for her opinions and the opinions were reliable).) In fact, the VE explained that she used her professional experience to formulate her estimates, and an expert's reliance on her own expertise does not make her testimony suspect. *See Devilbiss v. Saul*, No. 19-C-932, 2020 WL 5645691, at *7 n.3 (E.D. Wis. Sept. 22, 2020) ("ALJs are entitled to rely on a VE's expertise and current knowledge of the demands of jobs existing in the economy.") (citing *Biestek v. Berryhill*, 139 S. Ct. 1148, 115 (2019)).

Plaintiff also argues that the ALJ should have credited the alternate jobs analysis he submitted after the hearing. That analysis showed that two of the jobs the VE said a person with plaintiff's RFC could perform—furniture rental consultant and counter clerk, photo finishing—do not exist in the current economy. If the ALJ had credited his analysis, plaintiff says, the ALJ would have found plaintiff able to work only as an usher, the duties of which the VE said varied from theater to theater and, plaintiff says, might require reaching, which is precluded by plaintiff's RFC. (R. 77-78.)

The ALJ rejected plaintiff's analysis because it was created by his representative, who has no "specialized education or other training in vocational matters," "has [not] placed individuals in jobs," and "[has not] conducted labor market surveys." (R. 28.)[3] The ALJ also said the fact that there are other ways to analyze the job market does not mean that the VE's analysis was wrong. (*Id.*) Because the ALJ thoroughly explained, with references to the record, why he rejected plaintiff's post-hearing objections to the VE's testimony, his decision to do so is supported by substantial evidence.

---

[3] The ALJ also noted that plaintiff could have submitted rebuttal expert evidence, but chose instead to rely on this layman's analysis. (R. 28.)

Even if the VE's opinions are valid, plaintiff contends that 30,000, the total number of jobs nationally the VE said plaintiff could perform, does not constitute a "significant" number as required by step five. *See Weatherbee v. Astrue*, 649 F.3d 565, 569 (7th Cir. 2011) ("The government bears the burden of proof at the fifth step and must present evidence establishing that the claimant possesses the residual functional capacity to perform work that exists in a significant quantity in the national economy."). The Seventh Circuit has not said how many jobs constitute a significant number, *cf. id.* at 572 (stating that 140,000 jobs is "well above the threshold for significance"), but the decisions of other circuit courts of appeal provide some guidance. *See Sanchez v. Comm'r Soc. Sec.*, 705 F. App'x 95, 99 (3d Cir. 2017) (stating that 18,000 jobs in the national economy is "sufficiently 'significant'"); *Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 906 (6th Cir. 2016) (finding 6,000 jobs nationally to be a significant number); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014) (finding that that 25,000 jobs nationally constituted a significant number); *Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997) (finding that 10,000 jobs nationally was significant). Given that four federal appellate courts have found less than 30,000 jobs nationally to be significant, the Court believes the Seventh Circuit would do so as well. Thus, the Court rejects plaintiff's challenge to the ALJ's step five determination.

**SO ORDERED.**   **ENTERED:  August 18, 2022**

**M. David Weisman**
**United States Magistrate Judge**

5